IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.                                                                           CAUSE NO. 3:12-CR-116-CWR-FKB-9

RICHARD WHEAT                                                                              DEFENDANT

## ORDER

Before this Court is Richard Wheat's "Motion to Correct Deceiver." Docket No. 421. The United States responds that this Court lacks subject matter jurisdiction but nevertheless addresses the merits of the motion. On review, the Court agrees that it lacks subject matter jurisdiction.

**I.     DISCUSSION**

After accepting Wheat's guilty plea on the charge of Possession with Intent to Distribute 500 Grams of Cocaine Hydrochloride, on December 18, 2013, this Court sentenced Wheat to 87 months in prison and ordered him to pay a special assessment of $100 and a fine of $1,500. Docket No. 316. The Court instructed that payment was to begin immediately and could be combined with a payment schedule of $50 monthly installments, to commence 60 days after his release from imprisonment. *Id.* The Court also instructed that payment was due during imprisonment and was to be made through the Bureau of Prison's (BOP) Inmate Financial Responsibility Program (IFRP). *Id.* In his plea agreement, Wheat agreed to participate in the IFRP regardless of the Court's schedule of payments. Docket No. 239. Under the terms of the plea agreement he was to begin those monthly payments immediately. Docket Nos. 239, 316. Wheat began making payments under the IFRP and continued to do so until March 23, 2016, when he refused to participate any longer and filed this motion in his original criminal case.

Wheat is currently incarcerated in Oakdale II Federal Correctional Institution in Oakdale, Louisiana. Docket No. 426. He contests his scheduled restitution payments and requests the Court to enjoin the BOP from "removing any funds from [his] trust fund account." Docket No. 421. He does not challenge the court-ordered payment plan, but contends that payments were to commence "30 to 60 days after [his] release" from confinement, and not during confinement. *Id.*

An inmate disputing payments under the IFRP, a program administered by the BOP, must exhaust his administrative remedies and then file suit under 28 U.S.C. § 2241 in the district of incarceration. *United States v. Diggs*, 578 F.3d 318, 319 (5th Cir. 2009) (citing *United States v. Lott*, 227 Fed. App'x. 414 (5th Cir. 2007)).

Here, Wheat's request is that the BOP be enjoined from taking payments from his trust account. His only avenue to obtain the requested relief is through 28 U.S.C. § 2241. Because Wheat is currently incarcerated in Oakdale, Louisiana, he must file his motion in the district of his incarceration, the Western District of Louisiana. Therefore, this Court lacks subject matter jurisdiction over his request.

## II. CONCLUSION

Wheat's "Motion to Correct Deceiver" is dismissed, without prejudice, for lack of subject matter jurisdiction.

**SO ORDERED**, this the 10th day of August, 2016.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE